IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PORTER HUDSON**                                                               **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  2:04cv399-KS-JMR**

**AETNA INSURANCE COMPANY and**
**FRED'S STORES OF TENNESSEE, INC.**                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss pursuant to Rule 12(6), or in the Alternative for Summary Judgment filed on behalf of defendant Fred's Stores of Tennessee, Inc. (Fred's); and on separate Motions for Summary Judgment filed on behalf of the plaintiff, Porter Hudson, and on behalf of Aetna Insurance Company (Aetna) and joined by Fred's.  The Court having reviewed the motions, the responses, the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds as follows, to wit:

**FACTS AND CLAIMS**

According to the Complaint, Porter Hudson became employed with Fred's as a Pharmacist at Fred's Sumrall, Mississippi store in October 1997 after having practiced as a private pharmacist in Sumrall for many years.  Hudson apparently suffered from various health problems which were effectively controlled until January 2003.  At that time, Hudson began experiencing moments of confusion, chest pain and related

problems while working. Hudson alleges that he became concerned that his health problems were affecting his ability to properly dispense drugs and to properly perform his job.

As a result of his health problems and his concern that the stress of his job was contributing to the problems he was experiencing, Hudson sought medical attention. He asserts that he was advised by three medical doctors that the stress of his job would exacerbate his health problems and that he should cease his employment.

Fred's furnished benefits for short-term (Temporary Disability Income or TDI) and long-term disabilities (LTD benefits) for its employees as a part of their employment benefits. Hudson filed a claim for short term disability benefits (TDI) on January 28, 2003, even though he continued working until January 31, 2003. In the application, Hudson contended that he was disabled from working due to his heart condition. The application was accompanied by an attending physician's statement (APS) from Dr. Dieter Schneider, a cardiologist, which stated that Hudson was "unable to perform work as a pharmacist or physical exertion." Dr. Schneider classified Hudson's physical impairment as a "Class 4- Moderate limitation of functional capacity; capable of clerical/administrative (sedentary) activity (work restrictions 60-70 %)." There was no objective medical documentation in the form of stress tests, EKG's or other tests appended to the APS.

Aetna sent a letter to Hudson on March 21, 2003, requesting additional medical records to support his claim. In response, Hudson provided the treatment notes of Dr. Schneider which indicate that Hudson was diagnosed with "chest pain, hypertension (well-controlled), dyslipidemia (stable), leg discomforts, fatigue and depression." Aetna

also forwarded another APS to Dr. Schneider which he completed on April 10, 2003, indicating no limitations for Hudson other than no heavy lifting. Dr. Schneider also indicated that Hudson had no mental or nervous impairment and that he was immediately capable of returning to work.

Aetna also obtained a medical review of Hudson's medical records by Lynn Carr, RN. Carr's conclusion was that Hudson's records did not support a finding of disability and that Hudson was capable of returning to work as a pharmacist.

Based on the foregoing, Aetna denied Hudson's TDI claim and closed its file on April 14, 2003. Thereafter, Aetna received an APS from Dr. Jack G. Hudson dated May 12, 2003. Hudson asserts that Dr. Hudson is his long-time family physician. However, other than relating the plaintiff's subjective complaints, Dr. Hudson's APS placed no restrictions or limitations on the plaintiff except "no filling prescriptions under stress."

In a follow-up telephone conversation with Aetna claims personnel on May 21, 2003, Dr. Hudson admitted that all of the plaintiff's complaints were subjective and that there were no objective medical tests supporting his claim of disability and that Hudson could return to work. Aetna again denied the claim for TDI that same day.

Hudson later submitted additional medical records from Forrest General Hospital and a treatment note from Dr. Benjamin Carmichael. The hospital records reveal a successful heart catherization and coronary angioplasty in 1999, a successful gall bladder removal operation in 2002 as well as various other treatments not apparently related to his claim for disability. Dr. Carmichael's note from July of 2003 indicates that Hudson appeared to be suffering fatigue and depression for which he recommended psychological or psychiatric intervention with follow-up in three months. There is no

further indication that Dr. Carmichael treated Hudson thereafter.

Aetna issued a final denial of Hudson's TDI claim on September 8, 2003, on the basis that Hudson had provided no objective medical evidence that he suffered a psychiatric or physical function impairment that would prevent him from performing his own occupation, i.e., a pharmacist. Hudson appealed his denial of benefits in accordance with the Plan requirements and was again denied TDI benefits.

Thereafter, the plaintiff filed the present complaint seeking a reversal of the denial of TDI benefits and attorney fees in accordance with the Employee Retirement and Income Security Act of 1974 (ERISA). Employee welfare benefit plans that are "established or maintained" by an employer for the "purpose of providing certain benefits to its employees" are covered by ERISA. *See* 29 U.S.C. § 1002(1). It is undisputed that Fred's established both the TDI and LTD benefits as ERISA plans for the benefit of its employees. Fred's self-funded the TDI plan but purchased an insurance policy from Aetna to fund the LTD benefits. Under an Administrative Services Agreement with Fred's, Aetna was named as the administrator of both programs with full discretion to make benefit determinations.

**STANDARD OF REVIEW- SUMMARY JUDGMENT**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

*Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn

allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court," (*Topalian* 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment."  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**ERISA PLAN**

The parties all acknowledge that this action is governed by ERISA.  The Act provides, "this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."  29 U.S.C. § 1144(a).  The Supreme Court has held that this language is "deliberately expansive," and is designed to make regulation of employee benefit plans an exclusively federal concern.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). "[W]hen beneficiaries seek to recover benefits from a plan covered by ERISA, their exclusive remedy is provided by ERISA, in 29 U.S.C. § 1132(a)(1)(B)." *Hansen v. Continental Ins. Co.,* 940 F.2d. 971, 979 (5th Cir.1991)(quoting, *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989)).  The plaintiff has acknowledged that his recovery is limited to those remedies available under ERISA, specifically, benefits and

attorney fees.

**STANDARD OF REVIEW - ERISA DECISIONS**

In the typical ERISA case, where the fiduciary is given discretion to decide benefit claims, such decisions are reviewed to determine whether they are arbitrary and capricious under an abuse of discretion standard.  *See Martinez v. Schlumberger, Ltd.*, 338 F.3d 407 (5th Cir. 2003). The parties agree that the Court should review Aetna's decision regarding the denial of the plaintiff's claim for benefits under that standard since Aetna, as the plan administrator, has been given specific discretionary authority by way of the benefit plan and the administrative services agreement to determine eligibility for benefits and to construe the terms of the plan.  See *Harms v. Cavenham Forest Industries, Inc.,* 984 F.2d 686, 688 (5th Cir. 1993)*(*quoting *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989)).  *See also, Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1451 (5th Cir. 1995).

The court also concludes that Aetna is a  "fiduciary" under 29 U.S.C. § 1002(21)(A) because Aetna is vested with "discretionary authority or discretionary responsibility in the administration of [the] plan." *See* 29 U.S.C. § 1002(21)(A)(iii).  Accordingly, because Aetna is a fiduciary that the plan vests with discretionary authority, the court will review Aetna's determinations under the appropriate abuse of discretion standard.  *See Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 629-30 & n.12 (5th Cir. 2004).

However, Aetna's discretion to make benefit determinations is not absolute for when there is an apparent conflict of interest between the administrator's fiduciary obligations to the Plan participants and the profit motive of the Company, the deference due the decision may be reduced in proportion to the conflict. *See Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 297 (5th Cir. 1999)(*en banc*)("The existence of a conflict is a factor to be considered in determining whether the administrator abused his discretion in denying a claim.")

There does not appear to be a cognizable conflict of interest in the denial of Hudson's TDI claim in that Fred's was self-funded as to these benefits and thus any payments for these benefits would not have come from the coffers of Aetna. If the claim had been for LTD, as is argued by the plaintiff, an apparent conflict might have existed and could diminish the amount of discretion due Aetna on any decision relating to LTD benefit claims. Of course, there is no presumption in *Vega* that a conflict exists *ipso facto* merely because the plan fiduciary both insures the plan and administers it. *See MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 479 n. 8 (5th Cir.2003). An ERISA plaintiff must come forward with evidence that a conflict actually exists in order to diminish the discretion due such decisions. *See id.* The plaintiff has not offered any such evidence herein.

**TDI VERSUS LTD BENEFITS**

As stated above, the plaintiff contends that he applied for LTD benefits as well as TDI benefits by way of his application of January 28, 2003, or at the least, it should be

9

construed thus. However, Aetna points out that even though the plans for TDI and LTD benefits carried the same policy numbers, they were completely separate in their funding mechanisms as well as requirements for benefits thereunder. In response, the plaintiff contends that one always applies for TDI and before its shorter expiration period is reached, converts to LTD benefits. There is no support for this argument in the administrative record and federal courts are prevented from going outside the administrative record in reviewing plan fiduciary decisions. *Vega*, 188 F.3d at 289.

A review of the plans makes it clear that there are different criteria for determinations of eligibility as to each plan in addition to the different funding mechanisms. The plaintiff was required to make a claim for LTD benefits separately from TDI benefits and pursue all administrative remedies related thereto before bringing this suit. *See Simmons v. Wilcox*, 911 F.2d 1077, 1081 (5th Cir. 1990)(recognizing the general rule that a claim must be filed and denied prior to filing suit). He has not done this and is thus limited, in this action, to a review of the decision to deny TDI benefits only.

**DENIAL SUPPORTED BY "SUBSTANTIAL EVIDENCE"?**

In order for the court to affirm the administrator's claims decision, the court must conclude that the decision was supported by "substantial evidence." *Ellis v. Liberty Life Assur. Co. Of Boston*, 394 F.3d 262, 273 (5th Cir. 2005). Further

> The law requires only that substantial evidence support a plan fiduciary's decisions, including those to deny or to terminate benefits, not that substantial evidence (or, for that matter, even a preponderance) exists to support the employee's claim of disability. Substantial evidence is "more

> than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." We are aware of no law that requires a district court to rule in favor of an ERISA plaintiff merely because he has supported his claim with substantial evidence, or even with a preponderance. If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail.

*Id.* at 273. (citing *Meditrust Fin. Servs. Corp. v. Sterling Chem., Inc.*, 168 F.3d 211, 215 (5th Cir.1999) ("When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence.")); and (citing *Deters v. Secretary of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir.1986)).

After a careful review of the record, the court finds that Aetna had "substantial evidence" to support its decision to deny TDI benefits to the plaintiff. Further, Aetna did not abuse its discretion in denying the plaintiff's TDI claim by relying on the evidence the court has determined as being substantial.

The court therefore finds that Aetna's motion for summary judgment, joined by Fred's, should be granted; that the plaintiff's motion for summary judgment should be denied; and that Fred's motion to dismiss should be denied as moot.

IT IS THEREFORE, ORDERED AND ADJUDGED that Aetna's Motion for Summary Judgment **[#18]** is Granted and the plaintiff's complaint is dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Porter Hudson's, Motion for Summary Judgment **[#16]** is Denied and that Fred's Motion to Dismiss **[#13]** is Denied as moot as to the dismissal but Granted as to Summary Judgment.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure. Any other pending motions in this matter are dismissed as moot.

SO ORDERED AND ADJUDGED this the 24th day of February, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE